UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALMA VAQUERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| SERENE LODGING, INC. | § | SA-08-CV-0711 NN |
| OCCUPATIONAL INJURY | § | |
| BENEFIT PLAN, Individually and as | § | |
| Administrator of the Serene Lodging, Inc. | § | |
| Occupational Injury Benefit Plan; and | § | |
| FREEMAN ADMINISTRATIVE | § | |
| SOLUTIONS, as Administrator of the | § | |
| Serene Lodging, Inc. Occupational Injury | § | |
| Benefit Plan, | § | |
| | § | |
| Defendants. | § | |

## ORDER DISMISSING CASE

This order addresses the defendants' motion to dismiss.[1] The defendants asked for dismissal of this case under Fed. R. Civ. P. 12(b)(6) because the plaintiff failed to allege that she exhausted her administrative remedies under the occupational injury benefit plan at issue in the case. Because they maintain exhaustion is required to file a suit under ERISA, the defendants contend the plaintiff has failed to state a claim upon which relief may be granted.

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[2]

---

[1] *See* docket entry # 3, § 9.01 & # 8, § I.

[2] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

This case arose from an accident that occurred when the plaintiff worked as a housekeeper at a Best Western Hotel. On September 12, 2005, the plaintiff tripped over a rock and was injured. The plaintiff filed two lawsuits as a result of the accident. In the first lawsuit, the plaintiff sued Serene Lodging, Inc. (Best Western) for negligence in failing to train her and failing to maintain a safe workplace, and Freeman Administrative Solutions and Serene Lodging, Inc. for fraud, misrepresentation, breach of fiduciary duty and gross negligence in failing to disclose the existence and terms of the occupational injury benefit plan.[3] The district court entered summary judgment on the state law claims against Serene Lodging, Inc.[4] After the plaintiff indicated her desire to sue the defendants for ERISA claims, the district court dismissed the plaintiff's other claims without prejudice to refiling.[5] The plaintiff then filed this lawsuit and sued the defendants for failing to provide requested information and breach of fiduciary duties.[6]

Under the general rule, a claimant "seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits."[7] The claimant must submit a claim to the carrier and follow the plan's claim procedures. The exhaustion requirement applies to the plaintiff because she seeks benefits under an ERISA plan—in particular, the plaintiff "seeks to recover the full amount of benefits due to

---

[3]*See* SA-07-CV-815, docket entry # 1, exh. 1.

[4]*See* SA-07-CV-815, docket entry # 30.

[5]*Id*.

[6]The plaintiff brought her failure-to-provide-requested-information claim under 29 U.S.C. § 1132(c)(1); she brought the breach-of-fiduciary-duties claim under 29 U.S.C. § 1132(a)(1)(B).

[7]*Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000). Although futility is an exception to the general rule, *id.*, the plaintiff does not rely on futility.

her under the terms of the Plan, enforce her rights under the Plan, and to clarify her rights to future benefits under the terms of the plan."[8] The plaintiff did not allege that she exhausted her administrative remedies. Because she did not, she failed to state a claim upon which relief may be granted.

The plaintiff maintains that she should be excused from exhausting her administrative remedies because she was not told about the plan. Unawareness may explain why the plaintiff did not file a claim when she was injured, but it does not explain why she did not file a claim before filing a lawsuit. The pleadings in the first lawsuit show defendant Freeman Administrative Solutions told the plaintiff's attorney about the plan in April 2006[9]—six months after the plaintiff's accident. The complaint in this case states that the plaintiff received a copy of the plan on November 10, 2006—ten months before she filed the first lawsuit.[10] Although the plaintiff may not have known about the plan at the time of her accident, and there was a delay in obtaining a copy of the plan, the logical thing to have done upon learning about the plan was to submit a claim. Once a claimant learns a plan exists, continued reliance on an earlier unawareness did not excuse failing to file a claim. As for the plaintiff's argument that exhaustion does not apply to her non-benefit claims, the authority on which she relies does not apply because the plaintiff's claims involve the plan.[11] The reasons for requiring exhaustion

---

[8]Docket entry # 1, ¶ 8.02.

[9]*See* SA-07-CV-815, docket entry # 13, exh. 2.

[10]The plaintiff filed the first lawsuit in state court on September 12, 2007.

[11]*See Chailland v. Brown & Root*, 45 F.3d 947, 950 (5th Cir. 1995) (explaining that the plaintiff did not have to exhaust his administrative remedies because his claim did not "involve any action of a plan covered by ERISA").

3

apply with equal force to claims seeking something other than benefits.[12] Because the plaintiff failed to exhaust her administrative remedies, I GRANT the motion to dismiss (docket entry # 8) and DISMISS this case for failure to exhaust administrative remedies.

**SIGNED** on February 13, 2009.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[12]*See Denton v. First Nat'l Bank of Waco*, 765 F.2d 1295, 1300 (5th Cir. 1985) ("The primary purposes of the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not de novo.").