UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALMA VAQUERA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| SERENE LODGING, INC. | § | SA-08-CV-0711 NN |
| OCCUPATIONAL INJURY | § | |
| BENEFIT PLAN, Individually and as | § | |
| Administrator of the Serene Lodging, Inc. | § | |
| Occupational Injury Benefit Plan; and | § | |
| FREEMAN ADMINISTRATIVE | § | |
| SOLUTIONS, as Administrator of the | § | |
| Serene Lodging, Inc. Occupational Injury | § | |
| Benefit Plan, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

This order addresses the plaintiff's motion for reconsideration and for clarification of the order dismissing her lawsuit for failure to exhaust administrative remedies.[1] In her motion, the plaintiff maintained that she filed a claim for benefits under the occupational injury benefit plan at issue in the case and stated the defendants misled the court about whether she filed a claim. The plaintiff attached three correspondence to support this position. None of the correspondence shows that the plaintiff filed a claim for benefits.

In the October 12, 2006 correspondence, the plaintiff's attorney forwarded the plaintiff's medical bills, asked for a copy of the benefit plan, and summarized the plaintiff's medical

---

[1]Docket entry # 21.

condition.[2] At that time, the plaintiff's first lawsuit was pending. In a letter, the plaintiff's attorney advised that she would settle the case for $200,000.00. In the November 14, 2006 correspondence, the attorney's legal assistant forwarded additional medical records, to include Texas workers' compensation status reports.[3] In the May 31, 2007 correspondence, a different attorney sought the defendants' position on the settlement offer.[4] None of these documents resembles the claim forms available on defendant Freeman Administrative Solutions' website.[5] Because the documents do not show that the plaintiff filed a claim, she has not shown that she exhausted her administrative remedies under the plan. Consequently, the motion for reconsideration is DENIED (docket entry # 21).

Responding to the plaintiff's motion, the defendant asserted that the plaintiff should be judicially estopped from claiming that she filed a claim for benefits in order to revive her case. Although not explicitly, the defendants suggested that the dismissal should be with prejudice based on the plaintiff's inconsistent positions during the litigation associated with the plaintiff's injury. The court agrees. The doctrine of judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken by him in the same or some earlier legal proceeding."[6] "Litigants undermine the integrity of the judicial process when

---

[2]*Id.*, exh. 2.

[3]The plaintiff's employer is not a participant in Texas workers compensation; the plan at issue in this case is an occupational injury benefit plan.

[4]Docket entry # 21, exh. 3.

[5]The forms can be found at: http://www.freemanadministrativesolutions.com/index.html, click on "Click here for Claim Forms."

[6]*United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993) (internal quotation marks omitted).

they deliberately tailor contradictory (as opposed to alternate) positions to the 'exigencies of the moment.'"[7] The plaintiff's position in her first case and at the outset of this case is inconsistent with her position now—that she did not file a claim because she didn't know the plan existed versus that she attempted to file a claim. Although the district judge dismissed the first lawsuit without prejudice after the plaintiff indicated her desire to sue the defendants for ERISA claims,[8] the plaintiff chose not to file a claim, but sued the defendants for failing to provide requested information and breach of fiduciary duties. Dismissing without prejudice would permit the plaintiff to assert a position that is contrary to her position in her first two lawsuits in a third lawsuit. At this point, the plaintiff's remedy is the one she has always had—to file a claim for benefits. The dismissal is with prejudice.

**SIGNED** on March 16, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[7]*Texaco v. Duhe*, 274 F.3d 911, 923 (5th Cir. 2001).

[8]*See* SA-07-CV-815, docket entry # 30.